Electronically Filed
2/17/2017 10:58:10 AM
Lois Rogers, Smith County District Clerk
Reviewed By: Marilu Martinez

17-0353-B

CAUSE NO. _____

| | | |
|---|---|---|
| HOLLY TREE COUNTRY CLUB LLC, | § | IN THE JUDICIAL COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| CENTRAL MUTUAL INSURANCE | § | SMITH COUNTY, TEXAS |
| COMPANY, | § | |
| JHSC ENTERPRISES, LLC D/B/A JOHN T. | § | |
| PARKER CLAIMS OR PARKER & | § | |
| ASSOCIATES, LLC, AND AARON | § | |
| MARTIN, | § | |
| | § | |
| Defendants. | § | _____ DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Holly Tree Country Club, LLC ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of Central Mutual Insurance Company ("Central Mutual"), JHSC Enterprises, LLC D/B/A John T. Parker Claims or Parker & Associates ("John T. Parker") and Aaron Martin ("Martin") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.     Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.     Plaintiff, Holly Tree Country Club, LLC, is the insured whose property address is 6700 Hollytree Drive, Tyler, Texas 75703-5731.

3.     Defendant, Central Mutual Insurance Company, is an Ohio insurance company duly

authorized by the Texas Department of Insurance to engage in the business of insurance in the State of Texas. Plaintiff requests service of citation upon Central Mutual Insurance Company through its registered agent for service: **C/O Steven Mansfield, 7301 State Highway 161, Suite 320, Irving, Texas 75039-2820**. Plaintiff requests service at this time.

4.   Defendant Aaron Martin is an individual resident of Longview, Texas. Martin is duly authorized as an adjuster in the State of Texas through the Texas Department of Insurance. Martin may be served with citation at the address listed with the Texas Department of Insurance: **8 Alice Circle, Longview, Texas 75605-1439**. Plaintiff requests service at this time.

5.   Defendant JHSC Enterprises, LLC D/B/A John T. Parker Claims or Parker & Associates, LLC is a domestic third party administrator licensed with the Texas Department of Insurance. John T. Parker may be served with citation at the address listed with the Texas Department of Insurance: **C/O Brent Savage, 2306 Castle Rock Road, Carrollton, Texas 75007-2012**. Plaintiff requests service at this time.

**JURISDICTION**

6.   The Court has jurisdiction over Central Mutual because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Central Mutual's business activities in the State of Texas, including those in Smith County, Texas, with reference to this specific case.

7.   The Court has jurisdiction over Martin because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of this

2

Defendant's business activities in the State of Texas, including those in Smith County, Texas, with reference to this specific case.

8.    The Court has jurisdiction over John T. Parker because this Defendant engages in the business of adjusting insurance claims in the State of Texas as a third party administrator, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Smith County, Texas, with reference to this specific case.

**VENUE**

9.    Venue is proper in Smith County, Texas because the insured property is located in Smith County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Smith County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

**FACTS**

10.    Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, negligence, gross negligence, negligent hiring, and violations of the Texas DTPA.

11.    Plaintiff owns a Central Mutual Insurance Company commercial insurance policy, number 9597413 ("the Policy").  At all relevant times, Plaintiff was the insured for the premises located at 6700 Hollytree Drive, Tyler, Texas 75703-5731 ("the Property").

12.    Central Mutual or its agent, sold the Policy, insuring the Property, to Plaintiff.  Central Mutual and/or its agent represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's business.  Central Mutual has refused the full extent of that coverage currently owed to Plaintiff.

13.    When Plaintiff negotiated the premium amount, Central represented that the Policy

3

Plaintiff purchased provided coverage for hail and wind losses.  Unfortunately, during the

claims process, Central Mutual wrongfully used the following exclusionary language in

the Policy to deny coverage:

B. Exclusions

2. We will not pay for loss or damage caused by or resulting from any of
the following:
        d.(1) Wear and tear;
        (4) Settling, cracking, shrinking or expansion;

3. We will not pay for loss or damage caused by or resulting from any of
the following, 3.a. through 3.c. But if an excluded cause of loss that is
listed in 3.a. through 3.c. results in a Covered Cause of Loss, we will pay
for the loss or damage caused by that Covered Cause of Loss.

c. Faulty, inadequate or defective:

(1) Planning, zoning, development, surveying, siting;

(2) Design, specifications, workmanship, repair, construction, renovation,
remodeling, grading, compaction;

(3) Materials used in repair, construction, renovation or remodeling; or

(4) Maintenance;

of part or all of any property on or off the described premises.

. . .

1. We will not pay for loss of or damage to property, as described and
limited in this section. In addition, we will not pay for any loss that is a
consequence of loss or damage as described and limited in this section.

c. The interior of any building or structure, or to personal property in the
building or structure, caused by or resulting from rain, snow, sleet, ice,
sand, dust, whether drive by wind or not, unless:

(1) The building or structure first sustains damage by a Covered Cause of
    Loss to its roof or walls through which the rain, snow, sleet, ice, sand,
    or dust enters, or;

> (2) The loss or damage is caused by or results from thawing of snow, sleet, or ice on the building or structure. *See* Plaintiff's Policy.

14.     Ultimately, based on wrongfully applied provisions in the Policy, Central Mutual has refused substantive coverage which includes, but is not limited to, replacement of the roof, as well as storm-damaged portions of the interior.

15.     On or about February 20, 2015, the Property sustained extensive damage resulting from a severe storm that passed through the Tyler, Smith County, Texas area. The hail and windstorm compromised the integrity of the roof, allowing water to damage the interior.

16.     In the aftermath of the wind and hailstorm, Plaintiff submitted a claim to Central Mutual against the Policy for damage to the Property. Central Mutual assigned claim number 27067 to Plaintiff's claim.

17.     Plaintiff asked Central Mutual to cover the cost of damage to the Property pursuant to the Policy.

18.     Damaged areas of the property include, but are not limited to the roof, interior and exterior.

19.     Central Mutual assigned or hired Martin and John T. Parker to adjust the claim.

    a.     Martin and John T. Parker had a vested interest in undervaluing the claims assigned to them by Central Mutual in order to maintain their employment or gain future employment. The disparity in the number of damaged items in their reports/assessments compared to that of Plaintiff's is evidence of fraud on the part of Martin and John T. Parker.

    b.     Martin and John T. Parker made misrepresentations to Plaintiff during their inspection. Martin and John T. Parker used their expertise to fabricate plausible

explanations for why visible damage to Plaintiff's Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear and damage of a type not consistent with the type of claim that was made.

20. Central Mutual, through its agents, namely Martin and John T. Parker, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

21. The initial adjustment of the claim occurred on or around November 18, 2015. After investigating the Property, John T. Parker and/or agents of John T. Parker "were not certain that the roof had sustained wind or hail damage," despite being sanctioned as a qualified licensed adjuster/adjusting company by the Texas Department of Insurance. *See* Central Mutual's Denial Letter. As a licensed adjuster/adjusting company, John T. Parker and/or agents of John T. Parker should have been able to give a more definitive analysis of Plaintiff's damages.

22. On or about January 11, 2016, Central Mutual retained the services of engineering company Rimkus Consulting Group, Inc. ("Rimkus") to determine the cause and extent of damage. Rimkus allegedly found no indication of wind or hail damage to the Property.

23. On or about May 5, 2016, a re-inspection of the Property was performed by Martin and John T. Parker. However, Martin allegedly observed the same conditions at the first adjuster, despite being duly licensed in the state of Texas.

24. As detailed herein, Defendants failed to assess damages to Plaintiff's Property in a

6

reasonable manner, even though the Policy provided coverage for wind and hail losses such as those suffered by Plaintiff.

25.  To date, Plaintiff has received $0.00 for damage to Plaintiff's Property.

26.  Central Mutual has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

27.  As stated above, Defendants failed to assess the claim thoroughly. Based upon Defendants' grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, Central Mutual failed to provide full coverage due under the Policy.

28.  As a result of Central Mutual's failure to provide full coverage, along with Central Mutual's delay tactics to avoid reasonable payment to Plaintiff, Plaintiff has suffered damages.

29.  Central Mutual failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, Central Mutual refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiff.

30.  Defendants' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Central Mutual and Plaintiff.

31.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Defendants have not attempted to settle

Plaintiff's claim in a fair manner, even though Defendants were aware of their liability to Plaintiff under the Policy. Specifically, Defendants have failed to timely pay Plaintiff's coverage due under the Policy.

32.    Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Defendants failed to provide Plaintiff a reasonable explanation for not making the full payment under the terms of the Policy.

33.    Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Defendants refused to provide full coverage due to Plaintiff under the terms of the Policy. Specifically, Central Mutual, through its agents, servants, and representatives, namely Martin and John T. Parker, performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

34.    Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Defendants failed to reasonably accept or deny Plaintiff's full claim within the statutorily mandated time after receiving all necessary information.

35.    Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Defendants failed to meet their obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Defendants have delayed payment of Plaintiff's claim longer than allowed, and Plaintiff has not received full payment for the claim.

36.    Defendants' wrongful acts and omissions forced Plaintiff to retain the professional services

8

of the attorneys and law firm representing Plaintiff with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT
## CENTRAL MUTUAL INSURANCE COMPANY

### BREACH OF CONTRACT

37.     All allegations above are incorporated herein.

38.     Central Mutual is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Central Mutual and Plaintiff.

39.     Central Mutual's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

40.     All allegations above are incorporated herein.

41.     Central Mutual's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

42.     Central Mutual's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

43.     Central Mutual's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy

was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

44. Central Mutual's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

45. Central Mutual's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

46. Central Mutual's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

47. All allegations above are incorporated herein.

48. Central Mutual's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable by TEX. INS. CODE §542.060.

49. Central Mutual's failure to notify Plaintiff in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

50. Central Mutual's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of

10

time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

51. All allegations above are incorporated herein.

52. Central Mutual's conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to an insured in insurance contracts.

53. Central Mutual's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Central Mutual knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

54. All allegations above are incorporated herein.

55. Central Mutual's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Central Mutual pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Central Mutual. Specifically, Central Mutual's violations of the DTPA include, without limitation, the following matters:

    A.    By its acts, omissions, failures, and conduct, Central Mutual has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Central Mutual's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the

benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.  Central Mutual represented to Plaintiff that the Policy and Central Mutual's adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.  Central Mutual also represented to Plaintiff that the Policy and Central Mutual's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.  Furthermore, Central Mutual advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.  Central Mutual breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.  Central Mutual's actions are unconscionable in that Central Mutual took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Central Mutual's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

12

G.      Central Mutual's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

56.     Each of the above-described acts, omissions, and failures of Central Mutual is a producing cause of Plaintiff's damages.  All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

57.     All allegations above are incorporated herein.

58.     Central Mutual is liable to Plaintiff for common law fraud.

59.     Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as Plaintiff did, and Central Mutual knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

60.     Central Mutual made the statements intending that Plaintiff act upon them.  Plaintiff then acted in reliance upon the statements, thereby causing Plaintiff to suffer injury constituting common law fraud.

## NEGLIGENT HIRING

61.     Central Mutual has a basic duty as an employer who retains services of another to use reasonable care in investigating the background of that individual or third party adjusting company for fitness for the position, to remain knowledgeable of that fitness, and is liable if another person suffers damages because of a lack of fitness.  Defendant Central Mutual

owed a duty to Plaintiff and that duty was breached.

62. Central Mutual was negligent in that it knew or should have known that its agents were unfit to handle claims on behalf of Central Mutual. Specifically, Central Mutual should have known its agents were incapable of performing the tasks necessary to reasonably inspect property damage.

63. Central Mutual failed to investigate, screen or supervise the agents listed above, who constitute the proximate cause of the damages suffered by Plaintiff in this action.

## CAUSES OF ACTION AGAINST DEFENDANT AARON MARTIN

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

64. All allegations above are incorporated herein.

65. Martin's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act. TEX. INS. CODE §541.060(a).

66. Martin is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Central Mutual, because Martin is a "person," as defined by TEX. INS. CODE §541.002(2).

67. Martin knowingly underestimated the amount of damage to the Property. As such, Martin failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy. TEX. INS. CODE §542.003(3).

68. Furthermore, Martin did not attempt in good faith to effect a fair, prompt, and equitable settlement of the claim. TEX. INS. CODE §542.003(4).

69. Martin's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for denial

of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice.  TEX. INS. CODE §541.060(a)(3).

70.    Martin's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

71.    All allegations above are incorporated herein.

72.    Martin's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods and services provided by Martin pursuant to the DTPA.  Plaintiff has met all conditions precedent to bringing this cause of action against Martin. Specifically, Martin's violations of the DTPA include the following matters:

A.    By this Defendant's acts, omissions, failures, and conduct, Martin has violated sections 17.46(b)(2), (5), and (7) of the DTPA.  Martin's violations include, (1) failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.    Martin represented to Plaintiff that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

15

C. Martin represented to Plaintiff that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D. Martin's actions are unconscionable in that Martin took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.  Martin's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

E. Martin's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

73. Each of Martin's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages.  All acts, omissions, and failures were committed "knowingly" and "intentionally" by Martin, as defined by the Texas Deceptive Trade Practices Act.  TEX. BUS. & COM. CODE 17.45.

## FRAUD

74. All allegations above are incorporated herein.

75. Central Mutual assigned or hired Martin to adjust the claim.

a. Martin had a vested interest in undervaluing the claims assigned to him by Central Mutual in order to maintain his employment or gain future employment. The disparity in the number of damaged items in his report/assessment compared to that of Plaintiff's is evidence of fraud on the part of Martin.

b. Martin made misrepresentations to Plaintiff during his inspection. Martin used his

16

expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear and damage of a type not consistent with the type of claim that was made.

## NEGLIGENCE

76.   All allegations above are incorporated herein.

77.   Martin was negligent in his actions with regard to his adjustment of Plaintiff's claim and violated the standard of care for an insurance adjuster licensed in the state of Texas. Those failures include one or more of the following acts or omissions:

   a.   Failure to conduct a reasonable inspection;

   b.   Failure to include covered damage that would be discovered as a result of reasonable inspection;

   c.   Failure to identify the proper cause and scope of the damage to Plaintiff's Property;

   d.   Failure to identify the cost of proper repairs to Plaintiff's Property; and

   e.   Failure to communicate to Plaintiff the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiff's Property.

78.   Martin's acts and/or omissions constitute negligence. His conduct was therefore a proximate cause of the damages sustained by Plaintiff.

79.   At all relevant times, Martin was an agent or employee of Defendant Central Mutual.

80.   Martin's unreasonable inspection was performed within the course and scope of his duties with Defendant Central Mutual. Therefore, Central Mutual is also liable for the negligence of Martin through the doctrine of respondeat superior.

17

## GROSS NEGLIGENCE

81.   All allegations above are incorporated herein.

82.   Martin's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

    a.   Martin's actions, when viewed objectively from the standpoint of the actor at the time of their occurrence involves an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiff; and

    b.   Martin had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of Plaintiff.

83.   Martin intentionally misrepresented the scope and amount of damages prepared for Plaintiff's Property on behalf of Central Mutual. His assessment was to such an extreme degree below what another licensed adjuster would have done in this situation; it was also in complete disregard for the risk and harm Plaintiff would suffer if the actual damages to the Property were allowed to persist unrepaired.

### CAUSES OF ACTION AGAINST DEFENDANT JHSC ENTERPRISES, LLC D/B/A JOHN T. PARKER CLAIMS OR PARKER & ASSOCIATES

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

84.   All allegations above are incorporated herein.

85.   John T. Parker and/or its agents' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act. TEX. INS. CODE §541.060(a).

86.   John T. Parker and/or its agents knowingly underestimated the amount of damage to the Property.   As such, John T. Parker and/or its agents failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy. TEX. INS. CODE §542.003(3).

87.   Furthermore, John T. Parker and/or its agents did not attempt in good faith to effect a fair, prompt, and equitable settlement of the claim. TEX. INS. CODE §542.003(4).

88.   John T. Parker and or its agents' unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice. TEX. INS. CODE §541.060(a)(3).

89.   John T. Parker and/or its agents' unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

90.   All allegations above are incorporated herein.

91.   John T. Parker and/or its agents' conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by John T. Parker pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against John T.

Parker. Specifically, John T. Parker's violations of the DTPA include the following matters:

F.      By this Defendant's acts, omissions, failures, and conduct, John T. Parker has violated sections 17.46(b)(2), (5), and (7) of the DTPA. John T. Parker's violations include, (1) failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

G.      John T. Parker represented to Plaintiff that the Policy and its adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

H.      John T. Parker represented to Plaintiff that the Policy and its adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

I.      John T. Parker's actions are unconscionable in that John T. Parker took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. John T. Parker's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

J.      John T. Parker's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

92.    Each of John T. Parker's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages. All acts, omissions, and failures were committed "knowingly" and "intentionally" by John T. Parker, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

## FRAUD

93.    All allegations above are incorporated herein.

94.    Central Mutual assigned or hired John T. Parker to adjust the claim.

   a.   John T. Parker and/or its agents had a vested interest in undervaluing the claims assigned to them by Central Mutual in order to maintain their employment or gain future employment. The disparity in the number of damaged items in their agents' reports/assessments compared to that of Plaintiff's is evidence of fraud on the part of John T. Parker.

   b.   John T. Parker and/or its agents or employees made misrepresentations to Plaintiff during their inspections. John T. Parker and/or its agents or employees used their expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear and damage of a type not consistent with the type of claim that was made.

## NEGLIGENCE

95.    All allegations above are incorporated herein.

96.    John T. Parker and/or its agents or employees were negligent in their actions with regard to their adjustment of Plaintiff's claim and violated the standard of care for an insurance

adjuster licensed in the state of Texas. Those failures include one or more of the following acts or omissions:

    a.  Failure to conduct a reasonable inspection;

    b.  Failure to include covered damage that would be discovered as a result of a reasonable inspection;

    c.  Failure to identify the proper cause and scope of the damage to Plaintiff's Property;

    d.  Failure to identify the cost of proper repairs to Plaintiff's Property; and

    e.  Failure to communicate to Plaintiff the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiff's Property.

97.    John T. Parker and/or its agents' or employees' acts and/or omissions constitute negligence. Their conduct was therefore a proximate cause of the damages sustained by Plaintiff.

98.    At all relevant times, John T. Parker and its agents or employees were agents or employees of Defendant Central Mutual.

99.    John T. Parker and/or its agents' unreasonable inspections were performed within the course and scope of their duties with Defendant Central Mutual. Therefore, Central Mutual is also liable for the negligence of John T. Parker and its agents/employees through the doctrine of respondeat superior.

### GROSS NEGLIGENCE

100.    All allegations above are incorporated herein.

101.    John T. Parker and/or its agents' or employees' actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

22

    a.  John T. Parker and/or its agents' or employees' actions, when viewed objectively from the standpoint of the actor at the time of their occurrence involves an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiff; and

    b.  John T. Parker and/or its agents or employees had actual, subjective awareness of the risk involved, but nevertheless proceeded with a conscious indifference to the rights, safety, and/or welfare of Plaintiff.

102.    John T. Parker and/or its agents or employees intentionally misrepresented the scope and amount of damages prepared for Plaintiff's Property on behalf of Central Mutual. Their estimates were to such an extreme degree below what another licensed adjuster would have done in this situation; it was also in complete disregard for the risk and harm Plaintiff would suffer if the actual damages to the Property were allowed to persist unrepaired.

## KNOWLEDGE

103.    Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

104.    Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

105. Since the claim was made, Central Mutual has not properly compensated Plaintiff for all necessary repairs required to be made, which are covered under the Policy. This has caused undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

106. Defendants made the above and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Defendants made these false misrepresentations with the intent that Plaintiff act in accordance with the misrepresentations. Plaintiff then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage. Plaintiff suffered damages as a result.

107. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained. The acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiff's Property, and any investigative and engineering fees incurred.

108. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, consequential damages, together with attorney's fees.

109. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees. For knowing and intentional conduct of the

acts described above, Plaintiff asks for three (3) times Plaintiff's actual damages.  TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

110.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

111.   For breach of the common-law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money Central Mutual owed, and exemplary damages.

112.   Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages.  Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

113.   For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

114.   For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading.  Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

115.   As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c)(5) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of no less than $1,000,000.00. A jury will ultimately determine the monetary relief actually awarded, however.  Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

### REQUESTS FOR DISCLOSURE

116.   Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

### JURY DEMAND

117.   Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Smith County, Texas.  Plaintiff hereby tenders the appropriate jury fee.

26

## PRAYER

Plaintiff prays that Defendants, Central Mutual Insurance Company, JHSC Enterprises, LLC D/B/A John T. Parker Claims or Parker & Associates, and Aaron Martin be cited and served to appear, and that upon trial hereof, Plaintiff, Holly Tree Country Club, LLC, has and recovers from Defendants, Central Mutual Insurance Company, JHSC Enterprises, LLC D/B/A John T. Parker Claims or Parker & Associates, and Aaron Martin, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiff, Holly Tree Country Club, LLC, may show Plaintiff is justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Kimberly N. Blum
Bar No. 24092148
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
kblum@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

27